YOHANCE J. LACOUR,           )
           )
      Movant,           )
           )
     vs.           )      Case No. 4:10CV01156 ERW
           )
UNITED STATES OF AMERICA,      )
           )
      Respondent.           )

## MEMORANDUM AND ORDER

This matter comes before the Court on Movant Yohance J. Lacour's ("Movant") Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #11].

On September 24, 2008, Movant pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute in excess of one kilogram of heroin and one count of criminal forfeiture. In the plea agreement, the parties agreed that Movant's base offense level would be 32 based on his accountability for more than one but less than three kilograms of heroin, but they differed on whether a two-level increase was warranted under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense, and accordingly agreed to litigate that issue at sentencing. With respect to the applicability of the safety-valve provision, the agreement provided as follows:

> It is defendant's position that if the Court finds that he did not possess a dangerous weapon, he **may** be entitled to a two-level reduction in the offense level pursuant to Section 2D1.1(b)(11), because the parties recommend that the defendant meets the criteria set forth in Section 5C1.2(a)(3), (4) and (5). Whether the defendant meets the criteria set forth in Section 5C1.2(a)(1), relating to the defendant's criminal history, is left to the determination of the Court as stated in ¶ 3F herein.

Additionally, it is the position of the Government that defendant does not satisfy Section 5C1.2(a)(2) because he possessed a dangerous weapon. **Defendant understands that all five criteria must be met to receive the two-level reduction**.

(emphasis in original). The agreement further recommended a three-level reduction in the offense level for acceptance of responsibility, resulting in a recommended total offense level between 27 and 31, depending on the Court's resolution of the weapon-possession and safety-valve issues. The plea agreement also memorialized Movant's understanding that he was subject to a 10-year mandatory minimum sentence, absent application of the safety valve.

In the presentence investigation report, the U.S. Probation Office calculated Movant's total offense level at 31, within the contemplated range, with a base offense level of 32 and a two-level increase for possession of a firearm. His criminal history category was determined to be I. The resulting guideline range was 108-135 months, but due to the statutory mandatory minimum sentence, that became 120-135 months.

Movant filed objections to the two-level firearm enhancement, and following briefing and a hearing, the Court concluded that the enhancement was properly imposed, and sentenced Movant to 120 months' imprisonment. Movant then filed a notice of appeal, which was dismissed on the Government's motion, based on a waiver in the plea agreement of the right to appeal sentencing issues if Movant was sentenced within the contemplated range. Now, in this Motion under 28 U.S.C. § 2255, Movant contends that he should be re-sentenced because he received ineffective assistance from plea counsel.

II.     **LEGAL STANDARD**

A federal prisoner who seeks relief from a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional

issue for the first time in a § 2255 motion, except in "unusual circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III. DISCUSSION

Movant argues that plea counsel provided ineffective assistance, in violation of Movant's Sixth Amendment right to counsel (1) by failing to properly argue against application of the firearm enhancement, and (2) by failing to argue that Movant was eligible for the safety valve, notwithstanding the applicability of the firearm enhancement.

In order to succeed on a claim of ineffective assistance of counsel, a litigant must satisfy the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring proof (1) that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 687, 694; *see also, e.g.*, *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006).

The first prong requires a showing that counsel's performance was deficient, measured by an objective standard of reasonableness "in light of professional norms prevailing when the representation took place." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (internal citations omitted); *see also Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 689).

As to the second part of the test, the necessary showing of a "reasonable probability" of a different outcome is less than a preponderance of the evidence but greater than just a possibility; it "is a probability sufficient to undermine confidence in the outcome." *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008) (internal quotations and citations omitted); *see also Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) ("It is not sufficient for a defendant to show that the error has some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding."). In the sentencing context, prejudice can be established by demonstrating that counsel's deficient performance resulted in a longer sentence than would have otherwise been imposed. *See Glover v. United States*, 531 U.S. 198, 203 (2001) ("Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance."); *see also Alaniz v. United States*, 351 F.3d 365, 368 (8th Cir. 2003) ("An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*.").

**A.      Failure to Properly Object to the Firearm Enhancement**

Movant contends that counsel was ineffective for failing to cite *United States v. Savage*, 414 F.3d 964 (8th Cir. 2005) and *United States v. Belitz*, 141 F.3d 815 (8th Cir. 1998) when arguing against imposition of the firearm enhancement.

U.S.S.G. § 2D1.1(b) provides for a two-level enhancement if the Government proves by a preponderance of the evidence that the defendant possessed a dangerous weapon in connection with the crime of which he was convicted, and that it is not "clearly improbable" that the weapon was connected to the criminal conduct.  *See United States v. Savage*, 414 F.3d 964, 966 (8th Cir. 2005); § 2D1.1(b), cmt. n.3.  As an example of what is meant by "clearly improbable," the comment states that enhancement would not apply "if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet."  § 2D1.1(b), cmt. n.3.  The enhancement does not require that the weapon was present during the offense of conviction; it applies if it was present during any "relevant conduct" – that is, "during acts that 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'"  *Savage*, 414 F.3d at 966 (quoting U.S.S.G. § 1B1.3(a)(2)).  "Factors to be considered in making this determination include the similarity, regularity, and temporal proximity of the charged and uncharged conduct." *United States v. Ault*, 446 F.3d 821, 823 (8th Cir. 2006) (internal citations omitted).

In *Belitz*, the Eighth Circuit further explained that the requirement that the weapon be "present" does not mean that it has to be located on the defendant's person at the time the charged conduct or other relevant occurred; constructive possession can also be sufficient.  141 F.3d at 818 (internal citations omitted).  Thus, the *Belitz* court concluded that the enhancement could be applied where the weapon at issue "was found in an open area leading to the drugs, was

loaded and was easily accessible," because this meant that there was a "temporal and spatial relation[ship]" between the defendant, the weapon, and the criminal activity. *Id.*

In *Savage*, the Eighth Circuit re-affirmed that the Government does not need to prove that the defendant ever used or accessed the weapon in order to demonstrate a connection between the weapon and the offense, and that it is instead sufficient to demonstrate that the firearm was "readily accessible" during relevant conduct. 414 F.3d at 967. The evidence in that case had indicated that the defendant had a firearm in the bedroom of his small apartment, and that he had been observed weighing and selling methamphetamine in the apartment, although not in the bedroom. *Id.* Noting that the firearm's ready accessibility had been proven by the defendant's use of the firearm during an unrelated domestic dispute in the apartment, the Eighth Circuit concluded that the district court had not clearly erred in finding that it was not clearly improbable that the drug trafficking and the firearm were connected. *Id.*; *see also United States v. Willie*, 462 F.3d 892, 898 (8th Cir. 2006) ("Constructive possession will suffice . . . , particularly if the weapon is 'readily accessible' at the place where the defendant commits the crime.") (internal citations omitted).

In this case, Movant admitted to owning a firearm after he was arrested for conspiracy to distribute and possess with intent to distribute heroin, and a subsequent search of his apartment revealed a loaded .45 caliber semi-automatic handgun stored in a concealed location in the bathroom. The compartment in which the firearm was found also contained two boxes of ammunition and two vacuum-sealed bags holding approximately 320 grams of marijuana. At the sentencing hearing, Movant's counsel argued that the enhancement should not apply because the firearm was not connected to the drug distribution conspiracy:

> Judge, Mr. Lacour has owned this gun prior to even being involved in this conspiracy. The gun was not – for instance, this conspiracy is charged with heroin

possession. There was no heroin in his home. There was no gun found by the heroin. The marijuana, as he has admitted to in the Presentence Report, unfortunately, he has used marijuana and was using it up until the time of his arrest. He had the gun and the marijuana in the hidden concealed location because he had a five-year-old daughter at that time. He did not, for obvious reasons, want hisself or anybody else to be hurt by that gun, so it was hidden. It's not like the agents came into his home and he had a gun sitting on his dresser or sitting next to heroin or anything of that nature; that he voluntary, as he was told he had to do, be honest and forthright, and he did that. And as a condition of his bail, he had to turn that gun over. There was absolutely no connection with this gun and the conspiracy that [is] charged in this case.

After noting that the wiretap surveillance of Movant had not revealed any discussions of firearms, in contrast to certain other co-defendants, counsel again argued that there was no evidence of any connection between the firearm and the conspiracy:

And the final point that we would make – and it was not on his person, Judge. And one would think – of course, at the time that he was arrested, he did have $13,000. Obviously, that $13,000 is part of the heroin, and we didn't fight for that because it's part of the heroin sale. And one would think that if you got $13,000 in your pocket and you are using a gun as part of this, you may have a gun also in your pocket to protect the $13,000 that's in your pocket. And that didn't happen in this case as well.

Although Movant concedes that this argument did address the connection, or lack thereof, between the firearm and charged conduct, he argues that counsel provided ineffective assistance by failing to cite to *Belitz* and *Savage*, focusing on the "ready accessibility" element noted in those cases.

Movant's claim must fail because counsel's failure to cite *Belitz* and *Savage* does not amount to an error "so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's argument emphasized the firearm's concealed location and that it would have never been discovered absent Movant's admission; it is apparent from the record that one element of counsel's argument was his position that the firearm's location meant that it could not have been used in connection with the conspiracy. Furthermore, before concluding that it was not "clearly

improbable" that the weapon and the relevant conduct were connected, the Court expressly referred to *Belitz* in a brief discussion of the relevant case law. Although the Court did not mention the "readily accessible" language, it did note the importance of the concepts of constructive possession and a temporal and spatial relationship between the gun, the defendant, and the criminal activity. Additionally, it must be noted that it is by no means clear that "ready accessibility" is a necessary component – as opposed to one possible element – of constructive possession; the Eighth Circuit has stated that "[t]he presence of a firearm in a location where it *could be used* to protect drugs can be sufficient evidence to prove the requisite connection." *United States v. Warford*, 439 F.3d 836, 844 (8th Cir. 2006) (emphasis added). In short, the record demonstrates that the Court was well aware of, and expressly rejected, the inaccessibility argument with respect to the firearm, and Movant therefore cannot demonstrate that counsel's performance was objectively unreasonable in failing to cite *Belitz* and *Savage* in support of that argument.

Movant also suggests in this claim that counsel was ineffective in failing to object to treatment of the marijuana found with the gun as "relevant conduct" for enhancement purposes, but this claim is likewise refuted by the record. Counsel repeatedly argued in the sentencing hearing that Movant possessed the marijuana for his own personal use, not for purposes of the charged conspiracy, and that the firearm was solely for protection and had no relationship to either the marijuana or the heroin. In response, the Government noted the evidence indicating that when Movant was arrested, he had just come out of his residence with over $13,000 in cash and three cellular phones, evidence from which the Court concluded that Movant was using the residence for purposes of storing currency and generally to facilitate his drug trafficking activities. As with Movant's "ready accessibility" argument, the Court was aware of Movant's

claim that the marijuana was not relevant conduct, and its rejection of that argument does not mean that counsel's performance was deficient.

In sum, Movant's claim that counsel provided ineffective assistance in arguing against application of the firearm enhancement must be denied because it is refuted by the record. It is apparent from the transcript of Movant's sentencing hearing that counsel argued both that Movant had not "possessed" the firearm, and that Movant had not possessed the firearm "in connection with" the offense, and counsel's failure to argue those points in precisely the manner advocated by Movant does not constitute objectively unreasonable professional assistance.

### B.      Failing to Argue for Application of Safety Valve

Movant next contends that counsel was ineffective in failing to argue at sentencing that the firearm enhancement and safety-valve provision could be applied simultaneously, permitting him to receive a sentence below the statutory mandatory minimum sentence of 120 months.

The applicable safety valve, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), provides that a defendant convicted of certain offenses – including the drug offense at issue in Movant's underlying case – is eligible for a sentence below the statutory mandatory minimum sentence if he satisfies five criteria, one of which is that he "did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense." The defendant must prove each element of the safety valve by a preponderance of the evidence, *Wright v. United States*, 113 F.3d 133, 134 (8th Cir. 1997), while the burden of proof for the firearm enhancement is on the Government, to prove by a preponderance of the evidence that the defendant possessed the weapon and that it was not clearly improbable that the weapon and offense were connected. *See United States v. Savage*, 414 F.3d 964, 966 (8th Cir. 2005). Movant contends that the differing burdens mean that application of the firearm enhancement does not necessarily preclude application of the

safety valve, and that counsel provided ineffective assistance in failing to bring this to the Court's attention.

It appears that the Eighth Circuit has not yet considered this issue,[1] but several other circuits have indeed concluded that the firearm enhancement and safety valve may be applied in the same case. *See United States v. Anderson*, 452 F.3d 87, 91 (1st Cir. 2006); *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1188 (10th Cir. 2004); *United States v. Head*, 86 Fed. App'x 286, 288 n.1 (9th Cir. 2004); *United States v. Nelson*, 222 F.3d 545, 550-52 (9th Cir. 2000). The Sixth Circuit concluded otherwise, based on controlling law within that circuit that, for purposes of the firearm enhancement, proof that the defendant possessed a weapon during a drug offense creates a rebuttable presumption that it was connected to the criminal activity – meaning that a defendant who cannot rebut the presumption necessarily cannot prove that he did not possess the firearm in connection with the offense. *See United States v. Patterson*, 145 Fed. App'x 988, 993 (6th Cir. 2005). The Eighth Circuit, however, has flatly rejected a shifting burden or rebuttable presumption standard for the firearm enhancement. *See United States v. Payne*, 81 F.3d 759, 764 (8th Cir. 1996) ("The 'unless clearly improbable' language does not shift the burden of proof to the defendant; the government must prove by a preponderance of the evidence that the weapon is connected to the offense."); *see also United States v. Smith*, 261 Fed. App'x 921, 921-22 (8th Cir. 2008).

While these authorities indicate that the enhancement and safety valve should not be mutually exclusive, Movant's claim must fail because he cannot establish that he was prejudiced

---

[1] The Eighth did indicate in one unpublished opinion that a defendant was not eligible for the safety valve because the firearm enhancement was imposed, but it appears that the defendant did not advance the differing burdens of proof argument in that case. *See United States v. Lopez*, 249 Fed. App'x 486, 488 (8th Cir. 2007).

by counsel's failure to advance this argument. Movant could not have carried his burden and proved by a preponderance of the evidence that he did not possess a firearm in connection with the offense. It is apparent from the Court's statements at the sentencing hearing that it found the marijuana located with the firearm to be "relevant conduct," based on the quantity of marijuana – over 300 grams – and the $13,000 in cash and multiple cellphones found on Movant's person when he was arrested, indicating that the marijuana was "part of the same course of conduct or common scheme or plan as the offense of conviction": an overarching scheme by Movant to traffic in drugs out of his apartment. It is undisputed that the loaded firearm was found in direct proximity to the marijuana. Thus, Movant could not have established that he did not possess the firearm in connection with "relevant conduct," and therefore in connection with the offense. *See United States v. Burke*, 91 F.3d 1052, 1053 (8th Cir. 1996) ("in connection with," as used in the safety valve, has the same meaning as the "in connection with" language in the firearm enhancement, and therefore extends to "relevant conduct" as well as the charged offense).

As such, Movant's claim that he was prejudiced by counsel's failure to seek application of the safety valve is refuted by the record, and this ineffective-assistance claim will therefore be denied without an evidentiary hearing.

## IV.    CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as required in order for the Court to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's Motion.

## V.       CONCLUSION

Movant's two claims of ineffective assistance of counsel will be denied without an evidentiary hearing, because both are refuted by the record.  Counsel did not provide objectively unreasonable assistance in arguing against imposition of the firearm enhancement, in that counsel did contend both that Movant did not "possess" the firearm and did not possess the firearm "in connection with" the charged offense.  Counsel's failure to cite the specific authorities noted by Movant and argue those points in precisely the manner suggested by Movant does not mean that counsel was not acting as the "counsel" guaranteed by the Sixth Amendment.  As for Movant's claim that counsel was ineffective in failing to argue that the safety valve could apply even if the Court also applied the firearm enhancement, the Court agrees with Movant's theory, but Movant could not prove he was prejudiced by the error because he could not have proven by a preponderance of the evidence, on the facts of his case, that he did not possess the firearm in connection with the offense.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this <u>14th</u> Day of <u>July,</u> <u>2011</u>.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE